Marshall Meyers (020584)
Joseph Panvini (028359)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
jpanvini@AttorneysForConsumers.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Peters, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Coface Collections North America, Inc., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1. This is an action brought pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

Complaint - 1

## PARTIES

4. Plaintiff, Andrew Peters ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Glendale.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Coface Collections North America, Inc. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Specifically, Plaintiff—a retired teacher—purchased software from Media Cybernetics/Princeton Instruments using a business name that he created, Multi Media Plus.

11. Plaintiff did buy and sell some things for profit using the Multi Media Plus name approximately ten years ago, but now only uses the business name when buying products from sellers that require a business name when purchasing.

12. Relevant to this matter, Plaintiff purchased the software for a microscope used for personal purposes.

13. Plaintiff did not intend to, and did not, use the software for any commercial or business purpose.

14. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15. In connection with the collection of an alleged debt resulting from the above-described transaction (the "Debt"), and prior to August 27, 2012, Defendant placed a phone call to Plaintiff's former spouse, Linda Peters ("Ms. Peters").

16. During the phone call with Ms. Peters, Defendant disclosed the existence of Plaintiff's alleged debt to Ms. Peters and called Plaintiff a "loser."

17. During the phone call with Ms. Peters, Defendant's employee disclosed his employer's name to Ms. Peters without being expressly requested to do so.

18. Defendant called Ms. Peters more than once, despite being asked not to do so.

19. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated August 27, 2012, and in such communication, stated that

Complaint - 3

the current balance was $4,630.57 and offered a settlement in the amount of $2,400.00. (See August 27, 2012 correspondence, attached hereto as Exhibit A).

20. In connection with the collection of the Debt, Defendant's agent and/or employee "Dave Dunham" ("Mr. Dunham"), placed a call to Plaintiff's cellular telephone number on August 28, 2012, and at such time, Mr. Dunham spoke with Plaintiff.

21. During the August 28, 2012 conversation, Mr. Dunham stated to Plaintiff that if Plaintiff did not pay the Debt, attorneys were ready to file suit against him.

22. Further, during the August 28, 2012 conversation, Mr. Dunham represented to Plaintiff that only he (Mr. Dunham) could prevent a lawsuit from being filed against Plaintiff.

23. Between August 28, 2012 and September 6, 2012, Plaintiff and Mr. Dunham negotiated payment arrangements with regard to the Debt.

24. On September 6, 2012 at 11:03 A.M., Mr. Dunham sent Plaintiff written communication via email, and in such communication, stated in relevant part:

> I have done all I can to help you.
> Let me know about your contacts with friends and relatives.
> If we don't get the first payment cleared this will be filed in your county anyway.

(See September 6, 2012 email, attached hereto as Exhibit B).

25. Thereafter, on September 11, 2012 at 2:28 P.M., Mr. Dunham again sent Plaintiff written communication via email, and in such communication, demanded immediate payment, stating in relevant part:

> Put your case # 1420525 on the face of both checks.

> You must get these out to me immediately if you want to save the $2500.00 in legal fees and the public record.

(See September 11, 2012 email, attached hereto as Exhibit C).

26. In its September 11, 2012 email, Defendant, by and through its agent and/or employee Mr. Dunham, falsely represented the legal status of Plaintiff's alleged debt by referencing the Debt by "case #," and further, threatened that Plaintiff needed to immediately make payment toward the Debt in order to save "$2500 in legal fees," when upon information and good-faith belief, there was no active litigation that had been commenced against Plaintiff at the time the statements were made.

27. Defendant's August 28, 2012 and September 11, 2012 emails to Plaintiff failed to state that the communications were from a debt collector.

28. On or about September 12, 2012, Plaintiff sent Defendant a money order in the amount of $1,000.00.

29. In connection with the collection of the Debt, Mr. Dunham placed a call to Plaintiff's cellular phone on September 12, 2012 at 10:33 A.M., and at such time, left the following voicemail message: "Hello Andrew this is Dave Dunham, uh, just give me a call back. I do have your case here. It is 865-761-0325."

30. Defendant's September 12, 2012 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

31. Further, Defendant failed to disclose its true corporate and/or business name in its September 12, 2012 voicemail message.

32. By failing to disclose its true corporate and/or business name in its September 12, 2012 voicemail message, and further, by failing to disclose that the communication was from a debt collector, Defendant failed to meaningfully disclose its identity to Plaintiff.

33. On September 13, 2012 at 8:10 A.M., and in connection with the collection of the Debt, Mr. Dunham sent Plaintiff an email that stated, in relevant part:

> You continue to agree to one thing and then do another. This is not Dave Dunham and Andrew Peters making up the rules as we go. I reported yesterday that you would have the total arrangement to represent the settlement to me today. **If you don't have the money then you don't have a settlement. I am once again attaching an ach form to this email and need it back first thing this morning to go with the fed ex. In the absence of your representation of the final $1400.00 this morning, I will advise the attorneys to file their suit as you leave me no choice.**

(See September 13, 2012 email, attached hereto as Exhibit D) (emphasis in original).

34. In its September 13, 2012 communication, Defendant again threatened to file suit against Plaintiff, when, upon information and good-faith belief, Defendant did not intend to take such action.

35. On or about September 13, 2012, Plaintiff spoke with an employee of Princeton Instruments named Rosette.

36. Rosette told Plaintiff that Princeton Instruments had no intention of filing any lawsuit against Plaintiff to collect the debt.

37. Plaintiff authorized a payment in the amount of $1,400.00 to be made to Defendant on September 19, 2012.

Complaint - 6

38. In connection with the collection of the Debt, Mr. Dunham sent Plaintiff an email on September 19, 2012 at 10:57 A.M. that stated, in relevant part: "just make darn sure this final check clears and this will go away for you." (See September 19, 2012 email, attached hereto as Exhibit E).

39. On October 17, 2012, Plaintiff's counsel sent Defendant written correspondence notifying Defendant that Plaintiff was represented by counsel, and with a draft complaint enclosed. (See October 17, 2012 Correspondence, attached hereto as Exhibit F).

40. Upon information and good-faith belief, Defendant received Plaintiff's notice of representation and draft complaint on or about October 22, 2012.

41. On October 31, 2012, at approximately 11:34 A.M., Defendant directly contacted Plaintiff by telephone.

42. During the October 31, 2012 conversation, Defendant asked Plaintiff questions about Multi Media Plus, and whether Plaintiff ever had anyone not pay him commercially.

43. Plaintiff explained to Defendant that he did not have a real business, and so there were no such persons who owed him money.

44. Defendant persistently questioned Plaintiff and tried to get Plaintiff to say that Multi Media Plus was a real commercial company.

45. Plaintiff reiterated that he was only an individual and the call ended thereafter.

46. At no time did Plaintiff or Plaintiff's counsel provide Defendant with consent to contact Plaintiff directly.

47. Defendant did not attempt any communications with Plaintiff's counsel prior to contacting Plaintiff directly, and Plaintiff's counsel did not fail to respond to any such communications within a reasonable period of time.

48. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(1)

49. Plaintiff repeats and re-alleges each and every factual allegation above.

50. Defendant violated 15 U.S.C. § 1692b(1) when its employee contacted Ms. Peters and identified his employer without being expressly requested to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692b(2)

51. Plaintiff repeats and re-alleges each and every factual allegation above.

52. Defendant violated 15 U.S.C. § 1692b(2) when its employee contacted Ms. Peters and stated that Plaintiff owed a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

  e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692b(3)

53. Plaintiff repeats and re-alleges each and every factual allegation above.

54. Defendant violated 15 U.S.C. § 1692b(3) by contacting Ms. Peters more than once without being expressly requested to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)

55. Plaintiff repeats and re-alleges each and every factual allegation above.

56. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff with knowledge that Plaintiff was represented by counsel, and where Defendant did not have prior consent to contact Plaintiff or the express permission of a court of competent jurisdiction.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692c(b)

57. Plaintiff repeats and re-alleges each and every factual allegation above.

58. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692d

59. Plaintiff repeats and re-alleges each and every factual allegation above.

60. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692d(2)

61.  Plaintiff repeats and re-alleges each and every allegation contained above.

62.  Defendant violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse Plaintiff, in connection with collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692d(6)

63.  Plaintiff repeats and re-alleges each and every allegation contained above.

64.  Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

65. Plaintiff repeats and re-alleges each and every allegation contained above.

66. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF 15 U.S.C. § 1692e(3)

67. Plaintiff repeats and re-alleges each and every allegation contained above.

68. Defendant violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(3);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF 15 U.S.C. § 1692e(5)

69. Plaintiff repeats and re-alleges each and every allegation contained above.

70.     Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XII**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

71.     Plaintiff repeats and re-alleges each and every allegation contained above.

72.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to, falsely representing that a legal action had been or would soon be filed against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
## VIOLATION OF 15 U.S.C. § 1692e(11)

73. Plaintiff repeats and re-alleges each and every allegation contained above.

74. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

75. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 6th day of December, 2012

> By: s/ Marshall Meyers
> Marshall Meyers (020584)
>
> s/Joseph Panvini
> Joseph Panvini (028359)
>
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> mmeyers@AttorneysForConsumers.com
> jpanvini@AttorneysForConsumers.com
> Attorneys for Plaintiff