**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Peters, ) | No. CV-12-02600-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Coface Collections North America, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it defendant's motion for summary judgment (doc. 31), plaintiff's response (doc. 35), and defendant's reply (doc. 39). We also have before us plaintiff's motion for summary judgment (doc. 33), defendant's response (doc. 37), and plaintiff's reply (doc. 41).

Plaintiff purchased software from Media Cybernetics/Princeton Instruments ("Princeton") using the business name Multi Media Plus. When plaintiff did not pay for the software, Princeton placed the account with defendant Coface Collections North America, Inc. for collection (the "Debt"). Plaintiff filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692b, 1692c, alleging that Coface collected the Debt in an unfair and harassing manner in violation of the Act. Both parties now move for summary judgment.

1  The FDCPA protects *consumers* from unlawful debt collection practices, and
2 therefore, "applies to *consumer debts* and not *business loans*." Bloom v. I.C. System, Inc.,
3 872 F.2d 1067, 1068 (9th Cir. 1992) (emphasis added). The Act defines a consumer debt as
4 "any obligation or alleged obligation of a consumer to pay money arising out of a transaction
5 in which the . . . property . . . which [is] the subject of the transaction [is] *primarily for*
6 *personal, family, or household purposes*." 15 U.S.C. § 1692a(5) (emphasis added). In
7 classifying a debt, we will "examine the transaction as a whole, paying particular attention
8 to the purpose for which the credit was extended in order to determine whether [the]
9 transaction was primarily consumer or commercial in nature." Slenk v. Transworld Systems,
10 Inc., 236 F.3d 1072, 1075 (9th Cir. 2001) (citation omitted). "We must therefore 'look to the
11 substance of the transaction and the borrower's purpose in obtaining the loan, rather than the
12 form alone.'" Id. (quoting Riviere v. Banner Chevrolet, Inc., 184 F.3d 457, 462 (5th Cir.
13 1999)).

14  When plaintiff purchased the software from Princeton, he listed the name "Multi
15 Media Plus" as the purchaser. He asserts that he used the business name to purchase the
16 software because Princeton only sells to businesses. It is undisputed that if plaintiff had not
17 represented himself as a business, the sale would not have occurred.

18  Plaintiff also asserts that he would typically use the name Multi Media Plus when he
19 bought products that sold or marketed only to businesses. Plaintiff also used Multi Media
20 Plus to gain access to websites that catered to businesses only. In these various transactions,
21 plaintiff held himself out as the "president" or "head" of Multi Media Plus. DSOF ¶ 8. He
22 also developed the email addresses of multmplus@aol.com and multmplus@yahoo.com, the
23 latter which he used for the Princeton transaction.

24  Plaintiff, a former teacher, contends that he purchased the software for the purpose
25 of making educational 3-D images for use in his classroom and to share with other educators,
26 and that he generally creates images as a hobby. He argues that he has never sold or made
27 a profit on any of the images. He further contends that "[e]ven though [he] stated that
28 MultiMedia Plus was the business purchasing the Software, MultiMedia Plus is not actually

- 2 -

1  a business." PMSJ at 6. He contends that, notwithstanding his representations that
2  MultiMedia Plus was the purchaser, the Princeton software was for personal, family and
3  household purposes only, and therefore he is entitled to the protections of the FDCPA.

4  Defendant argues that, as evidenced by the transaction documents as well as the actual
5  intended use of the software, the Debt was a commercial, not a consumer debt and therefore
6  the FDCPA is not applicable. We agree.

7  The undisputed evidence shows that plaintiff represented to Princeton that Multi
8  Media Plus was the business purchasing the software and incurring the Debt. By holding
9  himself out as a business, he is estopped from now asserting that he purchased the software
10 as a consumer. Coface contends that in pursuing its collection efforts it relied on the
11 information provided by Princeton that the Debt was owed by Multi Media Plus. During the
12 relevant period, Coface was in the business of collecting commercial debts only. If it learned
13 that a debt was consumer in nature, it would immediately cease all collection efforts. It
14 would work an injustice to allow a debtor to expressly hold itself out as a business at the
15 inception of a debt, only to later contradict that characterization for the purpose of claiming
16 FDCPA protection.

17 In addition, according to plaintiff's own admissions, the intended use of the software
18 cannot be characterized as "primarily for personal, family, or household purposes." 15
19 U.S.C. § 1692a(5). Although plaintiff asserts that he made educational 3-D images as a
20 "hobby," it is undisputed that he intended to use the images beyond his personal use. He
21 acknowledges that he primarily intended to use the images in his classroom and to share the
22 images with the education community. Therefore, plaintiff intended to use the software to
23 create images that would extend beyond his own personal, family, or household use.
24 Accordingly, the evidence establishes that the Debt is not a consumer debt and the FDCPA
25 does not apply.

26 ...

27
28

- 3 -

**IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 31).

**IT IS FURTHER ORDERED DENYING** plaintiff's motion for summary judgment (doc. 33).

DATED this 27th day of March, 2014.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge